## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 8:05CR165 |
| v. | ) | |
| RICKY DAVIS, | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

This matter is before the court on initial review of defendant, Ricky Davis's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255) (Filing No. 70), and Davis's Motion for Status (Filing No. 72).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

After a jury trial, Davis was found guilty of Count I of the Indictment charging him with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). This court sentenced defendant to 63 months in the custody of the Bureau of Prisons followed by three years supervised release. Defendant filed an appeal with the Eighth Circuit arguing that there was insufficient evidence to sustain his conviction and objecting to the admission

of evidence related to a traffic stop and a search warrant. (Filing No. 64). The Eighth Circuit affirmed the conviction and sentence. (Filing No. 64). In his § 2255 motion Davis raises four issues: (1) that his conviction should be overturned because the evidence at the trial showed that he was actually innocent; (2) that his indictment was duplicitous in charging him with possessing and receiving which he claims are two distinct offenses under 18 U.S.C. § 922(g)(1); (3) that his Sixth Amendment right to confront his accuser was violated; and (4) that he received ineffective assistance of counsel.

## DISCUSSION

**Claim One - Sufficiency of the Evidence**

In defendant's first claim he argues that his conviction must be overturned because the elements of the offense were incorrect and that the evidence at trial showed that he was actually innocent of the charge against him. It also appears from Davis's brief, that for the first time in this § 2255, he is arguing that the Jury Instruction on the elements of the offense was in error because it stated that the government and Davis stipulated and agreed to the third element of the offense.

At trial, the jury was instructed that the crime of being a felon in possession of a firearm has three essential elements, which are:

> (1) The defendant has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; (2) The defendant thereafter knowingly possessed or received the following firearm, that is, a Smith & Wesson, Model 39-2, 9mm semi-automatic pistol; and (3) The firearm was transported across a state line at some time during or before the defendant possessed it.

(Filing No. 28 at Instruction No. 11a). This instruction correctly states the elements of the charged offense. *See* 18 U.S.C. § 922(g)(1); *United States v. Urick*, 431 F.3d 300, 303

(8th Cir. 2005). Furthermore, the record does not support Davis's challenge to the stipulation. Specifically, Davis argues that he only stipulated that the firearm had been in or had affected commerce, and that he did not stipulate that he possessed the firearm in or affecting commerce. But the instruction given to the jury was not in conflict with this statement. The jury was instructed that defendant stipulated to the third element of the offense, that the firearm was transported across state lines at some time during or before defendant possessed it. Therefore, the jury was properly instructed on the elements needed to establish the charged offense.

Furthermore, the second part of Davis's claim, that the evidence showed he was actually innocent of the charged offense, is in essence, a challenge to the sufficiency of the evidence presented at trial. This issue was raised on appeal to the Eighth Circuit and decided against Davis. Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255 . *See United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000) (per curiam).

**Claim Two - Duplicitous Indictment**

Next, defendant claims his Indictment was duplicitous in charging him with possessing and receiving which he claims are two distinct violations under 18 U.S.C. § 922(g)(1). "Duplicity is the joining in a single count of two or more separate and distinct offenses. The risk behind a duplicitous charge is that a jury may convict the defendant without unanimous agreement on a particular offense." *United States v. Moore*, 184 F.3d 790, 793 (8th Cir. 1999) (internal citations and quotation omitted). Here defendant was charged with one count of being a felon in possession of a firearm. As stated above, the


jury was properly instructed on the elements of this charge. Whether Davis already possessed the weapon or received it is an element of the charge, possessing and receiving the gun are not two separate charges. Therefore, based on a review of the face of the motion and record before this court, it plainly appears that defendant is not entitled to relief on this claim and it is denied.

**Claim Three - Confrontation Clause**

In his third claim defendant argues that the court incorrectly denied defendant's request to prevent Officers from testifying about statements a confidential informant made to them that identified defendant as the individual selling drugs. The issue of the objectionable testimony was raised on appeal to the Eighth Circuit and decided against Davis. Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255 . *See United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000) (per curiam).

**Claim Four - Ineffective Assistance of Counsel**

In his fourth and final claim defendant argues that his counsel was ineffective for: failing to cite *Crawford v. Washington*, 541 U.S. 36 (2004), in support of his claim that the district court erred in allowing the police officer's statements; failing to object to the duplicity of the indictment; and failing to know or understand the elements of a 18 U.S.C. § 922(g)(1) offense.

To establish ineffective assistance of counsel, defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a movant to establish that counsel

performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Strickland*, 466 U.S. at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense.  *Id.* at 687.

For the reasons discussed in this Memorandum and Order defendant cannot establish either of the *Strickland* prongs.  First, counsel did challenge on appeal both the sufficiency of evidence at trial, and the district court's decision to allow evidence related to a traffic stop and a search warrant in this case.  Second, counsel is not required to raise arguments that clearly lack merit such as the duplicity of the indictment argument.  Finally, the jury was properly instructed on the elements of the charged offense.  Therefore, based on a review of the face of the motion and record before this court, it plainly appears that defendant is not entitled to relief on this claim and it is denied.

IT IS ORDERED:

1.  That defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255) (Filing No. 70) is denied;

2.  Defendant's Motion for Status (Filing No. 72) is granted;

3.  A separate judgment will be entered;

4.  The Clerk of Court is directed to mail a copy of this order to defendant at his last-known address.

DATED this 4th day of January, 2007.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge